S94Y1069. IN THE MATTER OF ALTON H. MADDOX, JR.
(449 SE2d 585)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against Alton H. Maddox, Jr., alleging a violation of Standard 67 of Bar Rule 4-102 (d) based upon Maddox's indefinite suspension from the practice of law in New York. Maddox was suspended for failing to cooperate in the New York Bar Grievance Committee's investigation of three separate complaints against him. The complaints, one of which had been filed by the New York Attorney General, alleged serious professional misconduct, including claims that Maddox knowingly made a false statement of fact while representing a client, counseled a client to refuse the lawful mandate of a grand jury, and assisted that client in evading arrest.

The complaint in this proceeding, in which the State Bar of Georgia seeks reciprocal suspension of Maddox's right to practice law in Georgia, was properly served upon Maddox by Daniel J. McKenna,

Grievance Examiner for the Second and Eleventh Judicial Circuits of the State of New York.[1]

Maddox failed to file a timely answer to the complaint, and the State Bar moved both for summary judgment and default judgment. Opposing the motions, Maddox filed an affidavit admitting that he had been indefinitely suspended from the practice of law in New York and that he had received some disciplinary papers "facially purporting to be from the [State Bar of Georgia]." He asserted, however, that he did not believe the papers were authentic, and that service was defective since the New York Grievance Committee member who served the complaint had an interest in the Georgia proceeding.

The special master, finding that Maddox's proffered excuse for failing to answer the formal complaint was not reasonable,[2] concluded that the charge in the complaint was deemed admitted and that Maddox violated Standard 67 beyond a reasonable doubt. The special master also noted that granting of the State Bar's motion for summary judgment was proper: the special master found that there was no dispute of fact regarding Maddox's suspension from the practice of law in New York, and that the State Bar was entitled to judgment as a matter of law since Standard 68 of Georgia Bar Rule 4-102 (d) provides suspension for failure to adequately respond to a disciplinary authority. The special master therefore recommended that this Court reciprocally suspend Maddox from the practice of law in Georgia. The review panel agrees, and requests this Court to suspend Maddox accordingly.

Upon consideration of the record in this case, this Court hereby adopts the review panel's recommendation. It is ordered that Alton H. Maddox, Jr. is suspended from the practice of law in Georgia until such time as his right to practice law in the State of New York is restored and he provides this Court with the New York court's order of restoration. Maddox is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to

---

[1] Bar Rule 4-211 provides that in the case of a nonresident such as Maddox,
the Office of the General Counsel may perfect service in the same manner as service is made within the state . . . in which the respondent may be found, by person authorized to make service by the laws of the state . . . in which service is made.
The New York civil practice rules authorize service "by any person not a party of eighteen years or over." N.Y. CLS CPLR R.2103 (1993). Neither Daniel J. McKenna nor the Grievance Committee for the Second and Eleventh Judicial Circuits of New York is a party to this action.

[2] A default in a disciplinary proceeding may be opened only
for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court.
OCGA § 9-11-55; see *In the Matter of Bingley*, 262 Ga. 31 (415 SE2d 901) (1992).

certify to this Court that he has satisfied the requirements of such rule.

*Suspended. All the Justices concur.*

DECIDED OCTOBER 31, 1994 —
RECONSIDERATION DENIED DECEMBER 2, 1994.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

