## S99Y1468. IN THE MATTER OF BARBARA C. MILLER.
(520 SE2d 904)

PER CURIAM.

The State Disciplinary Board Review Panel filed its Report and Recommendation regarding Respondent Barbara C. Miller alleging that Miller violated Standard 67 (disbarment or suspension by another state is a ground for disbarment or suspension in the State of Georgia) of Bar Rule 4-102 (d), and recommending that Miller be suspended from the practice of law in Georgia for 90 days, nunc pro tunc to the date of the suspension imposed on her in Alabama on which this Standard 67 violation is based. The Review Panel adopted the recommendation of the special master as to discipline. Miller has not filed written exceptions to the Review Panel's recommendation pursuant to Bar Rule 4-219 (a). We agree with the Review Panel and special master that a 90-day suspension nunc pro tunc to the Alabama suspension is appropriate.

The Review Panel found that on or about May 25, 1995, the Disciplinary Board of the Alabama State Bar issued a 90-day suspension against Miller, who is licensed to practice law in Alabama and Georgia but resides in Alabama. The suspension, which was effective not sooner than June 19, 1995, was issued after Miller entered a condi-

tional guilty plea to charges filed in two disciplinary actions.[1] For reasons not pertinent to our consideration of the matter, Miller's disciplinary actions were not concluded until March 1998 when the Supreme Court of Alabama issued an opinion resolving them. Based on the Alabama disciplinary action, the State Bar of Georgia filed a Formal Complaint against Miller charging her with a violation of Standard 67 and requesting that this Court issue an order imposing a 90-day suspension nunc pro tunc to the date of the Alabama suspension. The State Bar subsequently filed a Motion for Summary Judgment on the violation which was granted by the special master.

We note in mitigation of discipline that Miller has no prior disciplinary record in Alabama or Georgia. Accordingly, Miller is suspended for 90 days from the practice of law in Georgia, nunc pro tunc to the June 19, 1995 effective date of the 90-day Alabama suspension.

*Suspended for 90 days, nunc pro tunc to June 19, 1995. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel State Bar,* for State Bar of Georgia.

---

[1] Miller pled guilty to violations in Alabama that would correspond with Standards 21 (a lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment and a lawyer representing a client in other matters shall withdraw from employment, if she is discharged by her client); 43 (a lawyer shall not handle a matter which she knows or should know that she is clearly incompetent to handle without associating with her a lawyer whom she reasonably believes to be competent to handle it); 45 (a lawyer, in representing her client, shall not knowingly use perjured testimony or false evidence, make a false statement of law or fact, participate in the creation of evidence when she knows or it is obvious that the evidence is false, counsel or assist her client in conduct the lawyer knows to be illegal or fraudulent, knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule, or institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from her client); 50 (in presenting a matter to a court or tribunal, a lawyer shall not engage in undignified, discourteous or disruptive conduct which is degrading to the court or tribunal); and 68 (a lawyer shall not fail to respond to disciplinary authorities) of Bar Rule 4-102 (d) in Georgia.