S00Y0426. IN THE MATTER OF JAMES J. CLINTON.
(525 SE2d 688)

PER CURIAM.

This disciplinary matter is before the Court on Respondent James J. Clinton's Petition for Voluntary Discipline. Pursuant to Bar

Rule 4-227 (c), Clinton filed a petition for voluntary discipline after the issuance of a Formal Complaint against him and the appointment of a special master. Clinton subsequently filed a substituted petition in lieu of the original and withdrew the original petition. In his substituted petition, Clinton admits to having violated Standard 67 (disbarment or suspension by another state is a ground for disbarment or suspension in the State of Georgia) of Bar Rule 4-102 (d) and asks this Court for an indefinite suspension nunc pro tunc to December 23, 1998 (when he stopped practicing law in Georgia), with conditions. Although the State Bar originally sought reciprocal discipline based on Clinton's disbarment in Alabama, both it and the special master recommend that the Court accept Clinton's petition. We have reviewed the record and agree that under the circumstances, an indefinite suspension is the appropriate sanction in this case.

In his petition, Clinton admits that he has been a member of the State Bar of Georgia and the State Bar of Alabama since 1977. He was disbarred from the practice of law in Alabama by order entered February 11, 1991, effective February 12, 1991. The State Bar of Georgia learned of Clinton's Alabama disbarment on December 23, 1998, from which date Clinton has not practiced law in this State. Clinton admits that his disbarment in Alabama constitutes a violation of Standard 67 and requests an indefinite suspension nunc pro tunc to December 23, 1998, with the conditions that he either apply for and be reinstated to practice law in Alabama, or apply for and be reinstated to the practice of law in Georgia pursuant to Bar Rules 4-301 through 4-306, three years from December 23, 1998 as provided in Bar Rule 4-304. Clinton agrees that he will furnish the State Bar a copy of his application for reinstatement in Alabama on or before 20 days following its submission, as well as certified copies of all orders entered by the Alabama Supreme Court regarding his reinstatement.

We have taken into consideration the mitigating circumstances proffered by Clinton that he has cooperated with Georgia disciplinary authorities; has no prior disciplinary record in Georgia; and intends to seek reinstatement in Alabama. Accordingly, we accept the Petition for Voluntary Discipline and hereby order that, for his violation of Standard 67 of Bar Rule 4-102 (d), Respondent James J. Clinton be suspended indefinitely from the practice of law in this State, nunc pro tunc to December 23, 1998. We further order that the suspension is on the conditions that Clinton either apply for and be reinstated to practice law in the State of Alabama, or apply for and be reinstated to practice law in Georgia pursuant to Bar Rules 4-301 through 4-306, three years from December 23, 1998 as provided in Bar Rule 4-304, and provide the appropriate documentation of same as set forth above. See *In the Matter of Miller*, 271 Ga. 530 (520 SE2d 904) (1999); *In the Matter of Maddox*, 264 Ga. 706 (449 SE2d 585)

(1994). If Clinton is reinstated in Alabama, his Georgia suspension will end upon entry of an order by this Court acknowledging the Alabama order reinstating him. To the extent he has not already complied, Clinton is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with conditions. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Alan Zeigler,* for Clinton.